UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HEIDI R. J.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. 3:21-cv-5360-TLF

ORDER

Plaintiff has brought this matter for judicial review of defendant's denial of their applications for disability insurance and supplemental security income (SSI) benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13.

I.    ISSUES FOR REVIEW

A. Did the ALJ err in deciding whether plaintiff should have special insured status?
B. Did the ALJ err by rejecting plaintiff's request to re-open the previous application, and denying access to her prior files?
C. Should the Court reverse and remand for a consultive medical examination?
D. Did the ALJ err by rejecting or discounting medical providers' opinions?

ORDER - 1

E. Should the ALJ have given more weight to plaintiff's statements about her conditions, symptoms, and work-related limitations?

F. Did the ALJ err by rejecting lay witness evidence of plaintiff's significant other who lived with her and helped provide care for her?

G. Were the ALJ's errors, if any, harmful; and if so, should the Court remand for an award of benefits?

## II.   DISCUSSION

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The Court must consider the administrative record as a whole. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court considers in its review only the reasons the ALJ identified and may not affirm for a different reason. *Id.* at 1010. Furthermore, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citations omitted).

Because the first and second issues are dispositive, the Court will not review the remaining issues in this case.

ORDER - 2

A. Whether the ALJ properly determined plaintiff's special insured status

According to 42 U.S.C. §§ 416 (i)(3), and 423 (c)(1), the claimant is required to show they are insured within the meaning of the special insured status criteria. *Demandre v. Califano,* 591 F.2d 1088, 1090 (5th Cir. 1979). In this case, the parties agree that plaintiff had such status, the defendant has stipulated to plaintiff's special insured status and therefore defendant has waived any argument to the contrary. Dkt. 17, Opening Brief at 2-3; Dkt. 19, Responding Brief at 2; Dkt. 20, Reply Brief at 1.

B. Whether the ALJ improperly denied plaintiff's request to reopen the previous determination

After filing previous applications in August of 2000 for Social Security Disability and Supplemental Income benefits, plaintiff was found to be disabled, and was receiving benefits for many years, with an onset date of July 1, 1997. AR 76, 101. Her benefits were terminated on February 17, 2017, after she failed to respond to a continuing disability review notice. AR 42-43, 70-71, 78-79, 137, 326. The medical records indicate that she was suffering from mental illness, and a relapse in substance abuse, and she asserts that she never received the SSA's notice because she was homeless during this time period. AR 46-47, 70-71, 362, 662-665.

The ALJ did not make any decision about re-opening the previous determination that plaintiff had failed to cooperate; nor did the ALJ make any decision about whether to allow plaintiff to access files from the time period that she was previously determined to be eligible for DIB and SSI benefits. AR 16-31, 43, 47. Plaintiff points out the consequence of the ALJ's failure to address plaintiff's requests – they were left in limbo,

ORDER - 3

1  and had to move forward with a new application despite the colorable due process
2  issues. See Dkt. 17, Opening Brief at 1-7; AR 231-239.
3        According to 20 U.S.C. § 404.1594(e)(2), (3), a person who was previously found
4  to be disabled may be found by the Social Security Administration to be "no longer
5  disabled" if:
6        "(2) You do not cooperate with us. If there is a question about whether you
7  continue to be disabled and we ask you to give us medical or other evidence or go for a
8  physical or mental examination by a certain date, we will find that your disability has
9  ended if you fail, without good cause, to do what we ask. Section 404.911 explains the
10 factors we consider and how we will determine generally whether you have good cause
11 for failure to cooperate. In addition, § 404.1518 discusses how we determine whether
12 you have good cause for failing to attend a consultative examination. The month in
13 which your disability ends will be the first month in which you failed to do what we
14 asked.
15       (3) We are unable to find you. If there is a question about whether you continue
16 to be disabled and we are unable to find you to resolve the question, we will determine
17 that your disability has ended. The month your disability ends will be the first month in
18 which the question arose and we could not find you."
19       In addition, 20 U.S.C. § 404.1594, subsection (h) provides: "Before we stop your
20 benefits, or a period of disability, we will give you a chance to explain why we should not
21 do so. Sections 404.1595 and 404.1597 describe your rights (including appeal rights)
22 and the procedures we will follow." And, 20 U.S.C. § 404.1596(b)(2)(i) states that the
23 Social Security Administration will suspend an individual's benefits if the individual has
24
25

ORDER - 4

failed to respond to a "request for additional medical or other evidence and we are satisfied that you received our request and our records show that you should be able to respond;" or , under 20 U.S.C. § 404.1596(b)(2) (ii), the SSA was unable to locate the individual and their "checks have been returned by the Post Office as undeliverable."

The suspension of benefits would be effective "with the month in which it is determined in accordance with paragraph (b)(2)(i) of this section that your disability benefits should stop due to your failure, without good cause (see § 404.911) to comply with our request for necessary information for your continuing disability review. . . . ." 20 U.S.C. § 404.1596(d).

After a suspension of benefits, SSA will proceed to terminate benefits: "following 12 consecutive months of benefit suspension because you did not comply with our request for information in accordance with paragraph (b)(2)(i) of this section. We will count the 12-month suspension period from the start of the first month that you stopped receiving benefits (see paragraph (d) of this section). This termination is effective with the start of the 13th month after the suspension began because you failed to cooperate." 20 U.S.C. § 404.1596(e).

According to 20 U.S.C. § 404.911 (a), SSA will consider the following circumstances as good cause for missing the deadline to request review of a suspension or termination of benefits:

"(1) What circumstances kept you from making the request on time;

(2) Whether our action misled you;

(3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and

ORDER - 5

(4) Whether you had any physical, mental, educational or linguistic limitations. . . .which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review."

Under 20 U.S.C. § 404.911 (b), examples of good cause are listed, including (in relevant part, concerning the facts asserted by plaintiff in this case):

"(1) You were seriously ill and were prevented from contacting us in person, in writing, or through a friend, relative, or other person.

. . . .

(7) You did not receive notice of the determination or decision.

. . . .

(9) Unusual or unavoidable circumstances exist, including the circumstances described in paragraph (a)(4) of this section, which show that you could not have known of the need to file timely, or which prevented you from filing timely."

When a plaintiff has not filed a timely appeal of a denial of benefits, or has experienced a lapse of benefits and failed to timely object to the termination of previous benefits, and there is ambiguity in the record about whether the plaintiff's failure to respond to the situation was a result of their illness or other good cause, the federal court should not make its own findings. Instead, the reviewing court is required to remand and allow the plaintiff a full opportunity to present the issue to the Social Security Administration. *Dexter v. Colvin,* 731 F.3d 977, 981-982 (9th Cir. 2013); *Torres v. Secretary of Health, Ed., and Welfare,* 475 F.2d 466, 469 (1st Cir. 1973).

Even if there is sufficient evidence in the record for the Court to determine whether the plaintiff suffered from a mental illness or other circumstances that made it

ORDER - 6

difficult for plaintiff to understand or take steps to respond to the situation in which the previously-awarded benefits were suspended, thereby excusing the plaintiff's late filing of a motion to re-open, the Court considers whether there is a colorable due process violation. *Udd v. Massanari,* 245 F.3d 1096, 1101-1102 (9th Cir. 2001). "It is axiomatic that due process requires that a claimant receive meaningful notice and an opportunity to be heard before [their] claim for disability benefits may be denied." *Id.* at 1099.

In this case, plaintiff was previously found to be disabled, with an onset date of July 1, 1997. AR 101. Her benefits were terminated in February 2017, after she allegedly did not receive a continuing disability review notice. AR 70-71, 78-79, 137, 326. The medical records indicate that she was suffering from mental illness, and a relapse in substance abuse, and she asserts that she never received the SSA's notice because she was homeless during this time period. AR 46, 70-71, 362, 662-665.

Plaintiff has raised a colorable due process issue, and she has asserted several circumstances that may be considered by the Commissioner, to determine whether good cause exists for her delay in moving to re-open, under the applicable statutory provisions described above. But it is the Commissioner, not this Court, that would hold a hearing to determine the facts and decide whether re-opening is warranted.

CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when they failed to consider whether plaintiff's prior application for benefits, and the Commissioner's suspension and termination of the benefits previously awarded, should be re-opened. Plaintiff has alleged that benefits were suspended and terminated without her having received notice, and therefore plaintiff makes a colorable claim that the

ORDER - 7

Commissioner's decision in the previous case, and in this matter, did not comport with due process – because she did not receive notice of the suspension or termination of benefits.

Further, plaintiff makes a colorable due process claim that she had good cause for failing to timely challenge the cessation of her benefits – and she was denied a reasonable opportunity to be heard, for the purpose of showing that she had good cause. Further, the defendant did not provide plaintiff or her attorney access to the records of the previous application and the Commissioner's decision to terminate the prior award of benefits, thus denying them access to documents which would have been important to their ability to prepare for a hearing on the issues.

Defendant's decision denying benefits is therefore REVERSED and this matter is REMANDED for further administrative proceedings to determine whether the prior actions and decisions of the Commissioner should be re-opened; plaintiff and her counsel shall be provided access to the records of her previous application that resulted in an award of benefits, and to the records that pertain to the suspension and termination of those benefits, so that she may have a full and fair opportunity to address whether there is good cause for not timely appealing the Commissioner's 2017 decision terminating prior benefits, and good cause for delay in submitting a motion to re-open.

Dated this 14th day of March, 2022.

Theresa L. Fricke
United States Magistrate Judge

ORDER - 8